[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13195
Non-Argument Calendar

_____

D. C. Docket No. 03-02764-CV-LSC-W

EVELYN PIERCE,
as administratrix for the estate of
Danny Cassady, deceased,

Plaintiff-Appellant,

versus

NAPHCARE, a corporation organized and
existing in the State of Alabama,
IFEDIBA, Dr., an individual,
GEORGE A. LYRENE, M.D., an individual,
HUYNH, Dr., an individual,
E. RUSSELL, an individual,
E. SMITH, an individual,
R. NICHOLS, R.N., an individual,
BELINDA HOGUE, R.N., an individual,

Defendants-Appellees,

FAULCON, Dr., an individual, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(April 19, 2007)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

The administratrix's decedent, Danny Cassady, died on October 7, 2001, while an inmate in the custody of the Alabama Department of Corrections at the Bibb County Correctional Facility (BCCF). In her amended complaint in this case, she sought money damages from Naphcare, Inc., which provided medical care for inmates at BCCF, ten physicians, and thirty-eight other individuals, including BCCF's Director of Nursing, several nurses and correctional officers and the warden. The amended complaint contained four counts; Counts II, III, IV, V, VI, and VII each incorporated by reference the allegations of all preceding counts. Reduced to their essentials, these counts presented two bases for liability: (1) the defendants failed to exercise the care, skill, and diligence as other similar health care providers would have afforded Cassady under the circumstances, as required by the Alabama Medical Liability Act (AMLA), Ala. Code § 6-5-480 *et seq.*, and § 6-5-540 *et seq.*, and (2) the defendants were deliberately indifferent to

2

Cassady's serious medical needs, in violation of the Eighth and Fourteenth Amendments and, thus, were answerable in damages under 42 U.S.C. § 1983. By the time the district court disposed of this case via the summary judgment now before us for review, the defendants were Naphcare, three physicians, Drs. Lang Huynh, George Lyrene and Uchenna Ifediba, Director of Nursing Robert Nichols (RN), a certified registered nurse practitioner, Belinda Hogue (CRNP), and a licensed practical nurse, Eula Smith (LPN).

The district court granted these defendants summary judgment in a comprehensive 91-page Memorandum of Opinion and final judgment issued on May 5, 2006. The court rejected the plaintiff's AMLA claim on two grounds. First, the plaintiff's experts failed to satisfy the AMLA requirement that they be "similarly situated" to the defendants, i.e., those involved in the patient's, i.e., Cassady's, care and treatment. Second, the plaintiff failed to establish that the defendants' alleged negligence "probably" caused Cassady's death. As the district court expressed it on page 46 of its Memorandum of Opinion, "Plaintiff has not met her burden of establishing that there is more than a mere possibility that the doctor's alleged negligence caused Cassady's death."

The court rejected the plaintiff's constitutional claim under § 1983 on the ground that the plaintiff failed to establish the components of an Eighth

Amendment deliberate indifference claim against any of the defendants; that is, that the defendant was aware of Cassady's serious medical needs and yet was deliberately indifferent to such needs.

The plaintiff now appeals the district court's summary judgment rulings. She contends that the court erred in rejecting her experts' testimony that the defendants' conduct fell below the standard of care required in a correctional facility; in concluding that she failed to demonstrate more than a mere possibility that the defendants' alleged negligence caused Cassady's death; and in concluding that she failed to present a case that the defendants were deliberately indifferent to Cassady's serious medical needs in violation of the Eighth and Fourteenth Amendments. Her arguments replicate those she presented to the district court in responding to the defendants' motions for summary judgment. The district court thoroughly considered those arguments, as its Memorandum of Opinion reflects. We find no error in the court's analysis of the claims presented, and agree with its disposition.

The judgment of the district court is accordingly

**AFFIRMED.**